**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4766**

─────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ANTONIO OWENS, a/k/a Tonio,

        Defendant – Appellant,

    and

RANDY MARTIN; LUTHER BRYAN; ALISIA H. AKBAR; LACARIA BROWN;
GEORGEAN MCCONNELL; GUSSIE D. NOLLKAMPER; FLORENCE
NOLLKAMPER; CHRISTOPHER M. MORRIS; LAVACA COUNTY TEXAS;
JOSEPH E. MCCONNELL; JOHN M. WARTHER; WELLS FARGO HOME
MORTGAGE, INCORPORATED; CHERYL L. AMAKER; DONNA C. ADKINS;
CHASE MANHATTAN MORTGAGE CORPORATION,

        Parties-in-Interest.

─────────

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Cameron McGowan Currie, District
Judge.  (3:02-cr-00548-CMC-26)

─────────

Submitted:  March 19, 2009        Decided:  April 6, 2009

─────────

Before WILLIAMS, Chief Judge, DUNCAN, Circuit Judge, and John
Preston BAILEY, Chief United States District Judge for the
Northern District of West Virginia, sitting by designation.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Covington, Kentucky, for Appellant. W. Walter Wilkins, United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Owens was convicted by a jury of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and was sentenced to life in prison. Owens appealed, challenging his conviction and sentence. We affirmed Owens' conviction and rejected claims relating to Owens' sentence, but because he was sentenced under the then-mandatory Sentencing Guidelines, vacated and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). See United States v. Davis, 270 F. App'x 236 (4th Cir. March 17, 2008) (unpublished).

On remand, the district court imposed a 300-month variant sentence on Owens and he timely appealed. Owens claims that while the district court correctly imposed a variant sentence upon him, the district court's variance was insufficient because: (i) Owens had a disadvantaged childhood; (ii) his Guidelines range was based overwhelmingly on drug weight, thereby making the range unreasonably high; and (iii) there are too many incarcerated people in the United States and a 300-month sentence "would be a waste for [Owens] and society at large."

We affirm the district court's variant sentence imposed on remand. After Booker, we review a sentence for

3

reasonableness, using an abuse of discretion standard of review. Gall v. United States, 128 S. Ct. 586, 597 (2007); see United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008) ("[A] sentence that deviates from the Guidelines is reviewed under the same deferential abuse-of-discretion standard as a sentence imposed within the applicable guidelines range."). The court must give due deference to the district court's decision that the 18 U.S.C. § 3553(a) (2006) factors justify the sentence. United States v. Evans, 526 F.3d 155, 162 (4th Cir. 2008). Even if this court would have imposed a different sentence, this fact alone will not justify vacatur of the district court's sentence. Id.

At Owens' resentencing, the district court heard counsel's argument regarding the weight that should be afforded the § 3553(a) factors, afforded Owens an opportunity to allocute, and thoroughly considered the § 3553(a) factors before imposing Owens' sentence. We conclude that the district court adequately explained its rationale for imposing the variant sentence, that the sentence was selected pursuant to a reasoned process in accordance with law, and that the reasons relied upon by the district court are plausible and justify the sentence imposed. Abu Ali, 528 F.3d at 260-61; United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007).

4

Because we find Owens' variant sentence imposed on remand to be reasonable, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED